IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,       ORDER

        v.        22-cr-131-wmc-1

OLIVIA SPELLMAN,

       Defendant.

A hearing on the probation office's petition for judicial review of Olivia Spellman's supervised release was held on July 30, 2026, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Megan Renee Stelljes. Defendant was present in person and by counsel Antonette Hue Laitsch. Also present was U.S. Probation Officer Michael W. Sutor.

## FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on October 6, 2023, following her conviction for fraud in violation of 18 U.S.C. § 1341, a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 16 months, with a 3-year term of supervised release to follow, after being part of a massive fraud having devastating impact on four different state agencies across the country in the midst of the COVID-19 crisis and some 60 individuals who's personal identities were stolen. .

Defendant began her term of supervised release on October 25, 2024. On November 27, 2024, a *Probation Form 12B – Request for Modifying the Conditions of Supervision with the Consent of the Offender* (dkt. #43) was filed reporting that defendant transitioned into the

community through the residential reentry center (RRC) at Rock Valley Community Programs (RVCP) on July 25, 2024. While at RVCP, defendant met with the Division of Vocational Rehabilitation to assist with gaining employment but later claimed to have stopped working with the agency. Defendant was discharged from RVCP on October 25, 2024. Her termination report from RVCP noted that defendant had failed to gain employment during her stay, and worse, appeared to put little effort into employment searches. Defendant also released to the community with no housing plan. As a result, defendant's conditions of supervised release were modified to include Special Condition No. 18, allowing her to spend 90 more days in an RRC.

On May 21, 2025, a *Probation Form 12A – Report on Offender Under Supervision/Judicial Action Requested* (dkt. #44) was also filed reporting that defendant not submitted *no* payments toward her restitution. The petition further notes that defendant was able to secure housing but remained unemployed during a period of near full employment in the greater Madison area. As a result, Special Condition No. 18 was suspended, and the U.S. Probation Office was ordered to follow up with the court and U.S. Attorney's Office if defendant continues to fail to make some payment toward restitution each month going forward.

Nevertheless, defendant has continued to violate the mandatory condition of supervised release requiring her to make a monthly payment of $200 each month toward her restitution, and Standard Condition No. 3 requiring her to seek and maintain lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the court. In fact, defendant has failed to make even a single $200 payment since the commencement of her term of supervised release. Instead, defendant has only paid $120 in total toward her restitution, with the last payment of $20 occurring on January 13, 2026. Furthermore, defendant has not obtained employment since the

2

commencement of her term of supervised release. Defendant reports she cannot obtain employment or afford to make restitution payments due to ongoing medical reasons, her criminal record, and mental health related issues. Defendant has only recently reapplied for social security disability benefits, which is in the earliest stage of review.

## CONCLUSIONS

The defendant's violations warrant revocation. In particular, her failure to demonstrate an effort to make restitution payments and obtain employment since the commencement of her term of supervised release is inexcusable. However, she reports new medical diagnoses of "Dysautonomia" and "Postural Orthostatic Tachycardia Syndrome," and having reapplied for social security disability benefits on July 8, 2026. Accordingly, upon defendant's motion and the government's recommendation, I am willing to hold this matter open until September 10, 2026, to give defendant an opportunity to provide the court verified medical documentation demonstrating that she is incapable of working, even part-time. Otherwise, defendant is expected to obtain and maintain employment and to begin making meaningful, and preferably full, monthly restitution payments going forward.

## ORDER

IT IS ORDERED that defendant's motion for continuance (dkt. #50) is GRANTED and the period of supervised release imposed on defendant on October 6, 2023, is CONTINUED. Further, this judicial review hearing is held open until September 10, 2026, to give defendant an opportunity to provide the court documentation of medical conditions that prevent her from working, including what actual limitations she might have, as well as document her ongoing efforts to obtain employment and make restitution payments to the satisfaction of the Probation Office.

If defendant is unable to provide such documentation, she is to obtain employment and begin again making monthly restitution payments.   In addition, any further violations of defendant's conditions of supervision should be brought to the court's prompt attention and may result in a judicial review hearing being held sooner.   Otherwise, the court will set a new haring date on the Probation Office's petition for judicial review.

Entered this 30th day of July, 2026.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge

4